Filed 7/16/24  P. v. Sanchez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LESTER RENE SANCHEZ,<br><br>    Defendant and Appellant. | B323029<br><br>(Los Angeles County<br>Super. Ct. Nos. BA495806) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Tanya Dellaca and Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Nicholas J. Webster and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

Lester Rene Sanchez was convicted of first degree burglary (Pen. Code, § 459), violating a court order with a prior domestic violence conviction (§ 166, sub. (c)(4)), and misdemeanor battery (§ 242).[1] After trial, he stipulated to the truth of six aggravating circumstances, including that he "engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1).[2])

At sentencing, Sanchez presented evidence he had suffered childhood trauma in the form of physical abuse. He requested a probationary sentence to pursue substance abuse treatment. The trial court, citing the newly amended sentencing provisions in section 1170, agreed Sanchez had suffered childhood trauma and that this trauma was connected to his offenses. But the court imposed the middle term sentence of four years based on the aggravating factors, specifically Sanchez's danger to public safety.

Sanchez argues the court abused its discretion because the court did not follow section 1170's lower-term presumption for defendants whose childhood trauma "was a contributing factor in the commission of the offense." (See § 1170, subd. (b)(6)(A).) Because the court did not abuse its discretion in weighing the aggravating factors against its finding of childhood trauma, we affirm.

---

[1] All undesignated statutory references are to the Penal Code.

[2] All rule references are to the California Rules of Court.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Sanchez's Conviction*

Sanchez was charged in connection with the harassment of his former girlfriend, Ashley S., who was pregnant at the time with his child. Sanchez was abusing drugs and alcohol, and the couple argued frequently. In February 2021, Sanchez punched a hospital security guard who would not let him attend Ashley's ultrasound appointment. After Ashley moved out of their shared apartment, in April 2021, Sanchez broke into Ashley's new apartment through a window, pushed her up against a door, and tried to take her cell phone as she called 911. After Ashley obtained an emergency protective order against Sanchez in May 2021, Sanchez texted and called Ashley, threatening to shoot her.

Ashley had another young child, Robert, who was present when Sanchez broke into Ashley's apartment and who allegedly witnessed other instances of abuse.

Sanchez was charged with first degree residential burglary (§ 459); dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); three counts of criminal threats (§ 422); stalking with a temporary order in effect (§ 646.9, subd. (a)); violation of a court order with a prior domestic violence conviction (§ 166, subd. (c)(4)); child abuse under circumstances likely to produce great bodily injury or death (§ 273a, subd. (a)); assault with a deadly weapon (§ 245, subd. (a)(1)); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)); and misdemeanor battery (§ 242).

The People alleged six aggravating circumstances relating to Sanchez's sentence: (1) Sanchez committed a crime involving great violence, cruelty, viciousness, or callousness

3

(rule 4.421(a)(1)); (2) Ashley was a particularly vulnerable victim (rule 4.421(a)(3)); (3) Sanchez dissuaded a witness or otherwise interfered with the judicial process (rule 4.421(a)(6)); (4) he engaged in violent conduct that indicated a serious danger to society (rule 4.421(b)(1)); (5) he was on probation, post-release supervision, or parole when the crime was committed (rule 4.421(b)(4)); and (6) his prior performance on probation, post-release supervision, or parole was unsatisfactory (rule 4.421(b)(5)).

Sanchez proceeded to trial, and a jury found him guilty of first degree residential burglary, violating a court order with a prior domestic violence conviction, and misdemeanor battery. Sanchez was acquitted on the remaining counts.

B.    *Sanchez's Sentencing*

After Sanchez was found guilty, but before the jury was discharged, the trial court addressed the six alleged aggravating circumstances with counsel. The court stated that "the new statutory framework of [section] 1170" applied "wherein on any counts that the jury has found the defendant guilty, there now has to be a finding by the jurors of aggravating factors." Sanchez expressly waived his right to a jury trial on the aggravating factors, and stipulated that all six factors were true.

Before sentencing, the trial court requested sentencing memoranda from Sanchez and the People. The court advised Sanchez's counsel that, since the "statutory language has now changed," counsel should "present any and all evidence that you have with regard to [section] 1170," including "the psychological, physical or childhood trauma, for instance, abuse, neglect, exploitation, sexual violence, et cetera."

4

Sanchez's sentencing memorandum asked the court to impose a sentence of probation and order him to participate in a substance abuse program, based on his substance abuse issues and traumatic childhood. Sanchez described his "turbulent family life, wherein his father would physically and verbally abuse his mother. . . . [Sanchez] acted as a human shield to protect his mother and siblings from his father's drunken rage. He would take the blows for them from a very young age." Sanchez stated that the trauma he suffered from this experience was "[t]he primary reason" for his substance abuse.

The People's sentencing memorandum requested an upper term prison sentence on the burglary count, based on "the numerous factors in aggravation."

The trial court sentenced Sanchez on July 28, 2022. The court first discussed Sanchez's criminal history and his history of violating domestic violence court orders. It stated that Sanchez "shows a very clear history of . . . not following the rules, [and] disregarding all laws." The court observed Sanchez "had three DV victims in his past."

Sanchez addressed the court, explaining his "rough childhood" and "my stepdad beating my mom and beating me up, showing me . . . bad things, like drinking [and] drugs." His counsel argued that "[Sanchez] had a lot of issues in his life stemming from a traumatic childhood as well as drug and alcohol abuse."

After hearing from Sanchez and his counsel, the court addressed mitigating factors. The court stated: "Pursuant to statute 1170, et seq., the Court must consider the rearing of the defendant and any and all childhood traumatic experiences that may have impacted him. Here, the defendant points out the

5

beatings he received as a child from his father." The court observed, "[Sanchez] has adopted what he learned from his family rearing. . . . Rather than helping people and protecting the women, he takes part in the wrongdoing to others, to women, to his family[.]"

The court further noted Sanchez had completed several rehabilitative programs while incarcerated. But the court also observed Sanchez was "still contacting the victim" as recently as June 2022, and Sanchez had already received rehabilitative programs after his previous convictions. The court remarked, "I have to focus on the conduct of the incident, as well." And the court further stated: "I understood you grew up in a really bad situation. Unfortunately, a lot of us do. The difference is you're going to make that choice whether you're going to do the right thing or not. You chose to do the wrong."

The court concluded:

[T]he aggravating factors were found true beyond a reasonable doubt by stipulation and admission.

Pursuant to the People's brief on pages 4 and 5, the Court finds that the defendant is a public safety concern and a public safety issue, thereby complying with [section] 1170 in that I have found that the childhood trauma is true but that the defendant is a public safety concern. And the aggravating factors have been found true permitting this Court to consider all triad options.

However, because the defendant has never served in state prison, in addition to the mitigating factors, the Court shall sentence to the mid-term of 4 years. I will not take the high term.

6

Sanchez received a total sentence of five years and two months, including consecutive terms of eight months for violating a court order with a prior domestic violence conviction and six months on the battery count.

Sanchez timely appealed.

## DISCUSSION

Sanchez's sole contention on appeal is that the trial court abused its sentencing discretion under the recent amendments to section 1170, subdivision (b).

A.    *Legal Background and Standard of Review*

"Section 1170, subdivision (b) governs imposition of a judgment of imprisonment when a statute specifies three possible terms." (*People v. Suazo* (2023) 95 Cal.App.5th 681, 704.) Through Senate Bill No. 567 and Assembly Bill No. 124, effective January 1, 2022, the Legislature amended section 1170, subdivision (b), "in several fundamental ways." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) These amendments took effect approximately eight months before Sanchez's sentencing.

As relevant here, "the new statute creates a presumption that the sentencing court 'shall' enter a lower term sentence when, among other things, a 'psychological, physical, or childhood trauma' contributed to the offense. [Citation.] The sentencing court may only depart from this lower term presumption if it finds that the aggravating circumstances outweigh the mitigating circumstances such that the lower term would be contrary to 'the interests of justice.'" (*People v. Salazar* (2023) 15 Cal.5th 416, 419 (*Salazar*), quoting § 1170, subd. (b)(6) & (b)(6)(A).)

7

"Discretionary sentencing decisions, such as whether 'the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice' (§ 1170, subd. (b)(6)) are reviewed for an abuse of discretion." (*Salazar, supra,* 15 Cal.5th at p. 428, fn. 8; accord, *People v. Hilburn* (2023) 93 Cal.App.5th 189, 205 (*Hilburn*).) A sentencing court must exercise "'"informed discretion"'" and abuses its discretion when it misunderstands "'the scope of its discretionary powers.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) "'To prove an abuse of discretion, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.'"'" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.)

B.      *The Trial Court Did Not Abuse Its Discretion in Sentencing Sanchez to the Middle Term*

Appellate courts generally "presume that the [trial] court 'knows and applies the correct statutory and case law.'" (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) Sanchez concedes this general principle, but argues the trial court misunderstood and therefore abused its sentencing discretion under section 1170, subdivision (b)(6). He asserts the trial court was required to apply a presumption of the lower term sentence because his childhood trauma was a contributing factor in his offense and the court "never mentioned the low term presumption."

As a threshold matter, Sanchez did not argue in his written sentencing memorandum or oral arguments presented to the trial court that the lower term presumption applied to his sentence. "Generally, if a party does not object to the sentence in the trial

8

court," that party "may not claim on appeal the trial court failed to properly make or articulate its discretionary sentencing choices." (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778 (*Tilley*) [defendant forfeited claim to the lower term presumption because he "did not seek the lower term based on section 1170, subdivision (b)(6) [or] object to the imposition of the middle term"]; accord, *People v. Boyce* (2014) 59 Cal.4th 672, 730-731; cf. *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 [forfeiture does not apply where a defendant challenges a sentencing court's "apparent misapprehension of statutory sentencing obligations"].)

But even considering Sanchez's argument on the merits, we conclude the trial court did not abuse its discretion. Sanchez relies on *People v. Lee* (2017) 16 Cal.App.5th 861 (*Lee*) and argues the record "'affirmatively demonstrate[s]'" that the trial court misunderstood its discretion. (See *id.* at p. 866.) In *Lee*, the trial court expressly stated it lacked discretion to reduce a wobbler to a misdemeanor when the court actually had such discretion under section 17, subdivision (b). (See *id.* at pp. 867-869.) *Lee* does not support Sanchez.

The record before us does not "affirmatively demonstrate" that the trial court was unaware of its new discretion under section 1170, subdivision (b). (See *Lee, supra*, 16 Cal.App.5th at p. 866.) Unlike the trial court in *Lee*, the trial court here did not misunderstand its sentencing authority under section 1170. Although the court did not expressly refer to the lower term presumption in section 1170, subdivision (b)(6), the record before us clearly reflects the court conducted its sentencing in conformity with the statute and the presumption.

9

The court first determined that Sanchez had suffered childhood trauma, and it discussed how this experience contributed to Sanchez's offenses. The court then balanced the six aggravating factors against the mitigating factor of Sanchez's childhood trauma and concluded that the aggravating factors supported a middle term sentence. In ruling that Sanchez presented "a public safety concern," the court examined the aggravating factor under rule 4.421(b)(1) that Sanchez's conduct "indicates a serious danger to society," citing the portion of the People's sentencing memorandum addressing this factor.

The court also demonstrated an understanding of how the lower term presumption applied to Sanchez's case, explaining that its middle term sentence "compl[ied] with [section] 1170 in that I have found that the childhood trauma is true but that the defendant is a public safety concern." With this statement, the court recognized Sanchez's childhood trauma was "true" and connected to his offenses, which would warrant a lower term sentence under section 1170's statutory presumption. But the court ultimately found the aggravating factors overcame the presumption, and imposed a middle term sentence in accordance with section 1170.

Because the court determined that Sanchez experienced childhood trauma, examined the trauma's connection to his offenses, and then carefully weighed the aggravating and mitigating factors, the court did not abuse its discretion by selecting a middle term sentence. (See *Salazar*, *supra*, 15 Cal.5th at p. 428, fn. 8 [observing a court would not abuse its "broad sentencing discretion" by imposing a middle term or lower term sentence after weighing aggravating circumstances against the mitigating circumstance of childhood trauma]; *Hilburn*, *supra*,

10

93 Cal.App.5th at p. 206 [court did not abuse its sentencing discretion where "the record establishes the court carefully considered the relevant aggravating and mitigating circumstances" and determined the aggravating factors warranted the middle term].)  In other words, the court did not abuse its discretion by declining to impose the lower term sentence because in its assessment, the six aggravating factors that Sanchez stipulated to outweighed the mitigating factors, effectively rebutting the presumption.

Sanchez further argues the trial court erred by "seemingly us[ing] [his] childhood trauma to justify selecting the mid-term." Sanchez cites the court's remark that experiencing "poverty," "physical abuse," and "substance use" as a child "should have shown [Sanchez] right from wrong."  The court did not improperly consider Sanchez's childhood trauma.  The court acknowledged Sanchez "grew up in a really bad situation" and stated "he wasn't given [a] chance when he was just a child."  But, despite this childhood trauma, the court concluded Sanchez "knew" his conduct "was wrong" and "the conduct of the incident" shows "a complete lack of thought process" and "maturity."  Under these circumstances, the court's consideration of the circumstances of the offense alongside Sanchez's childhood trauma was not an abuse of discretion.  (See *Hilburn*, *supra*, 93 Cal.App.5th at p. 206 [no abuse of discretion where court considered mitigating circumstance of youth and "the circumstances of the crime itself"].)[3]

---

[3]     Sanchez further argues he received ineffective assistance of counsel because his attorney "never specifically argued that the low term presumption under the newly amended section 1170

11

## DISPOSITION

The judgment of the trial court is affirmed.


MARTINEZ, P. J.

We concur:


SEGAL, J.


FEUER, J.

---

applied."  He requests that, if we find his argument forfeited, we consider whether his attorney was ineffective.  Since we addressed Sanchez's argument on its merits, we need not consider his ineffective assistance of counsel claim.